IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00296-BNB

JAMES R. DUNCAN,

Plaintiff,

v.

MCGILL,
SCOTT,
COLE,
ORTIZ,
LAPORTE,
DECESARO, and
DENNINGTON,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 28 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, James R. Duncan, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Duncan has filed **pro se** an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (2003) and 28 U.S.C. § 1343 (1993). On February 25, 2008, he also filed an addendum to the amended complaint, an affidavit, and a motion to add new evidence. The motion to add new evidence will be granted.

The Court must construe the documents liberally because Mr. Duncan is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the

*pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Duncan will be ordered to file a second amended complaint.

The Court has reviewed the amended complaint, as supplemented by the addendum to the amended complaint, the affidavit, and the motion to add new evidence, and finds that the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Duncan "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did

it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

By amortizing his allegations over multiple documents, Mr. Duncan fails to set forth a short and plain statement of his claims showing that he is entitled to relief. **See** Fed. R. Civ. P. 8. He contends that he was subjected to excessive force by prison officers, written up for a disciplinary violation, and convicted of advocating/creating facility disruption, a rule 16 violation of the Code of Penal Disciplinary. He also alleges that a legal folder was removed illegally from his cell. It is not clear whether the legal folder contained papers belonging to Mr. Duncan or to a co-inmate. He fails to assert, clearly and concisely, the personal participation of each named defendant in the alleged constitutional violations. He fails to explain the relevance of the attachments to the motion to add new evidence. He fails to submit copies of the notice of charges and disposition of charges for the disciplinary violation.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. **See** ***Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint, as supplemented, does not meet the requirements of Rule 8, and that Mr. Duncan should be given an opportunity to file a second amended complaint that does. Mr. Duncan is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and

the defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that the motion to add new evidence is granted. It is

FURTHER ORDERED that Mr. Duncan file **within thirty (30) days from the date of this order** an original and a copy of a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Duncan, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Duncan fails to file a second amended complaint that complies with this order within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED February 28, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00296-BNB

James R. Duncan
Prisoner No. 41762
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 2/28/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk