IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00296-REB-MJW

JAMES R. DUNCAN,

Plaintiff,

v.

McGILL,
SCOTT,
COLE,
ORTIZ,
LaPORTE,
DeCESARO, and
DENNINGTON,

Defendants.

---

**RECOMMENDATION ON
MOTION TO DISMISS COMPLAINT
(Docket No. 40)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**


This case is before this court pursuant to an Order of Reference to

United States Magistrate Judge issued by District Judge Robert E. Blackburn on

April 17, 2008.  (Docket No. 16).

**Plaintiffs' Allegations**

In his "Second Addmented [sic] as Requested Prisoner Complaint" (Docket No.

13), brought pursuant to 28 U.S.C. § 1983, the pro se incarcerated plaintiff alleges the

following.  On December 6, 2005, a fight broke out during a class, and thus correctional

officers were called in and inmates were ordered out of the building.  Inmates were

leaving through the only exit while the officers were entering. Plaintiff was last because he walks with a cane. As plaintiff was getting to the door, defendant Lt. McGill was pushing his way through the doorway. Plaintiff saw McGill push two other inmates out of the way, and when plaintiff got to the door, McGill, who did not give an order or command, grabbed plaintiff by the left arm and pushed him into the wall, twisting plaintiff's back and causing his head to hit the wall. McGill then said, "Get the fuck out of my way!"

McGill ordered Correctional Office Wold to "cuff up" plaintiff. Wold took plaintiff out to defendant Correctional Officer Scott to get plaintiff handcuffed. Scott noticed a lot of inmates around and "made a show of it." Scott pushed plaintiff's head into the wall so hard that plaintiff "saw stars." Plaintiff's three requests for a wheelchair were refused by Scott, and Scott and Wold forced him to walk approximately 300 yards to the shift commander's office without the help of any assistive device.

Defendants Cole, Ortiz, and Laporte were the hearing officers who found plaintiff guilty. Defendant DeCesaro was the grievance officer who found plaintiff had not exhausted his administrative remedies.

On August 17, 2007, defendant Dennington removed a legal folder from plaintiff's cell, and a copy of plaintiff's a state Rule 106 complaint[1] and the corresponding exhibits were removed from the folder and never returned.

Plaintiff raises five claims for relief. First, he claims "Assault and Battery, Cruel and Unusual Puhishment [sic], mis-use of force, 8th amendment rights" against

---

[1] See Colo. R. Civ. P. 106(a)(4).

defendant McGill based on the alleged incident on December 6, 2005.  (Docket No. 13 at 4).  Second, plaintiff asserts "Assault to cause harm, cruel and unusual punishment, mis-use of force, 8th Amendment Rights violation" against defendant Scott based on that same alleged incident.  (Docket No. 13 at 5).

Third, plaintiff claims "Mis-use of Authority, '14th Amendment' due process and 8th amendment under cruel and unusual punishment deliberate indifference."  (Docket No. 13 at 6).  Plaintiff notes in this claim that he was found guilty on December 20, 2005, at a prison disciplinary hearing based on defendant Cole's charge of advocating/creating a facility disruption.  Plaintiff asserts, however, that he did not cause any disruption.  Instead, defendant McGill did because McGill was the one pushing inmates around.  McGill lied that he did not hit or push any inmates and that he was not the one who was making all the trouble.  Inmate Punk, however, testified that McGill did push plaintiff and told plaintiff after that assault to "get the fuck out of may way!"  Plaintiff asserts that by not finding him innocent of the charge, the hearing board violated his due process rights under the Fourteenth Amendment.  He claims that "[a]ll three members of the board are guilty as stated because none of them tried to stop Cole and yet knew he was wrong of deliberate indifference . . . ."  (Docket No. 13 at 6).  Plaintiff thus contends that defendants LaPorte, Ortiz, and Cole are guilty of misuse of power and authority.

Fourth, plaintiff claims a "violation of [his] 8th and 14th amendment rights under cruel and unusual punishment and mis-use of power and due process" against defendant grievance officer DeCesaro.  (Docket No. 13 at 10).  DeCesaro allegedly violated plaintiff's Fourteenth Amendment right of due process of law by incorrectly finding plaintiff had not exhausted his remedies.  DeCesaro allegedly did not read the

prior steps of the grievance procedure and thus made an incorrect ruling.  As a result, plaintiff had to go to state court for his Rule 106 proceeding, which cost him over $500.00 in court and appellate costs.  Consequently, plaintiff could not purchase hygiene items, which is allegedly cruel and unusual punishment.

Finally, plaintiff claims "Violation of 8th and 14th amendment rights and Colorado State Laws Cruel and unusual punishment and due-process, and tampering with and destroying evidence (Physical)" against defendant Dennington based on his alleged taking of plaintiff's legal folder.  (Docket No. 13 at 12).  Plaintiff asserts that the folder was clearly marked "McGill legal work" on the outside.  Furthermore, it is alleged that while under Dennington's care, plaintiff's state Rule 106 complaint and exhibits were taken.  A hearing board officer returned the file to plaintiff, who looked in the folder and asked for the missing paperwork.  Plaintiff was told that was all they had.

Plaintiff seeks substantial monetary relief and that his freedom be granted "by delivering a Governor's Pardon, with NO stipulation."  (Docket No. 13 at 8).

**Defendants' Motions to Dismiss**

Now before the court for report and recommendation is Defendants [sic] Motion to Dismiss Complaint which was filed by all defendants except defendant Scott.[2] (Docket No. 40).  Plaintiff filed a response to the motion.  (Docket No. 43).  The court has very carefully considered the motion, the response thereto, the court's file, and

_____

[2]The Colorado Department of Corrections did not waive or accept service on behalf of defendant Michael Scott.  The notation on the Waiver of Service form states, "Mr. Scott was incorrectly identified as a defendant he was not a DOC employee at time of this action."  (Docket No. 29).  Plaintiff did not provide the court with an adequate address at which defendant Scott could be served with process.  The only address he provided was a Post Office Box for Sterling Correctional Facility.  (Docket No. 13 at 2).

applicable case law and Federal Rules of Civil Procedure.  The court now being fully informed makes the following findings, conclusions, and recommendation.

Defendants seek dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), asserting that (1) claims one and two are barred by the statute of limitations; (2) in the alternative, claims one and two are barred under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), because plaintiff failed to allege a physical injury; (3) claims three and four are barred because plaintiff's prison disciplinary conviction has not been favorably terminated; (4) in the alternative, claims three and four are barred by collateral estoppel; (5) in the alternative, claim four fails to state an Eighth and Fourteenth Amendment claim against defendant DeCesaro; and (6) the Complaint fails to state a Fourteenth Amendment claim against defendant Dennington.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor.  Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'"  Cutter v. RailAmerica, Inc., 2008 WL 163016 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp.</u>, 127 S. Ct. at 1974 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting <u>Bell Atlantic Corp.</u>, 127 S. Ct. at 1974).

Since the plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  <u>See Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)).  Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . .  At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." <u>Id.</u>

## <u>Claims One and Two</u>

Defendants assert that the plaintiff has failed to bring his first two claims within the applicable statute of limitations.  Plaintiff's § 1983 claims are governed by the two-year statute of limitations contained in § 13-80-102, C.R.S.; <u>Workman v. Jordan</u>, 32

F.3d 475, 482 (10th Cir. 1994); <u>Merrigan v. Affiliated Bankshares of Colo., Inc.</u>, 775 F. Supp. 1408, 1411-12 (D. Colo. 1991). Federal law, rather than state law, determines when a federal claim accrues. <u>Newcomb v. Ingle</u>, 827 F.2d 675, 678 (10th Cir. 1987). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." <u>Industrial Constructors Corp. v. United States Bureau of Reclamation</u>, 15 F.3d 963, 969 (10th Cir. 1994). <u>See</u> <u>Smith v. City of Enid By and Through Enid City Comm'n</u>, 149 F.3d 1151, 1154 (10th Cir. 1998) ("Since the injury in a § 1983 case is the violation of a constitutional right, . . . such claims accrue 'when the plaintiff knows or should know that his or her constitutional rights have been violated.' . . . This requires the court 'to identify the constitutional violation and locate it in time.'"). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." <u>Industrial Constructors Corp.</u>, 15 F.3d at 969.

Here, the original Prisoner Complaint was allegedly executed by plaintiff on January 31, 2008. (Docket No. 4 at 9). Under the prison "mailbox rule," the Complaint should be deemed "filed" at the moment of its delivery to prison authorities for forwarding to the District Court. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988). Therefore, defendants contend that plaintiff's first two claims, which concern alleged incidents on December 6, 2005, are barred by the statute of limitations. Absent some form of tolling of the limitations period, this court agrees with defendants' argument.

The issue of tolling is also governed by state law. <u>Fratus v. DeLand</u>, 49 F.3d 673, 675 (10th Cir. 1995). Under Colorado law, "an equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded

the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." <u>Dean Witter Reynolds, Inc. v. Hartman</u>, 911 P.2d 1094, 1099 (Colo. 1996). "Once the statute of limitations is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled." <u>Garrett v. Arrowhead Improvement Ass'n</u>, 826 P.2d 850, 855 (Colo. 1992).

Plaintiff here appears to argue that the statute of limitations was tolled while he exhausted his remedies through his state court Rule 106 proceeding. The PLRA requires prisoners bringing suit under § 1983 to exhaust available administrative remedies before seeking relief in federal court, 42 U.S.C. § 1997e(a). "The majority of circuits to address the issue have concluded that the statute of limitations applicable to a § 1983 action must be tolled while a prisoner completes this mandatory administrative remedy exhaustion process." <u>Smith v. Ortiz</u>, 2006 WL 620871, *4 (10th Cir. Mar. 14, 2006) (and cases cited therein) (declining to decide the issue because the issues were untimely even with such tolling). Nevertheless, in this case, plaintiff's state court action by its very nature would have concerned only a review of the plaintiff's disciplinary proceeding, not the alleged actions by defendants McGill and Scott which are the basis for plaintiff's first two claims for relief here. Colorado Rule of Civil Procedure 106(a)(4) provides relief in Colorado courts "[w]here any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law." In such a proceeding, the state court would not have had jurisdiction over any claims concerning the alleged incidents on December 6, 2005. <u>See</u> <u>Doyle v. Cella</u>, 2008 WL 4490111 (D. Colo. Sept. 30, 2008). Therefore, plaintiff's

Rule 106 state court action would not have tolled the limitations period for the plaintiff's first two claims for relief here.

Plaintiff has also not shown that any of the defendants wrongfully impeded his ability to bring these claims or that truly extraordinary circumstances prevented him from filing his claims despite diligent efforts. Therefore, plaintiff has not established a basis for equitable tolling, and thus plaintiff's first two claims for relief should be dismissed with prejudice as untimely.

## Claims Three and Four

With regard to claims three and four, defendants first assert that these two claims are barred because the plaintiff's prison disciplinary conviction has not been favorably terminated. They assert that a plaintiff cannot bring a § 1983 claim based on an allegedly invalid conviction or sentence unless the conviction or sentence has previously been invalidated. (Docket No. 40 at 5) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.")). Defendants assert that this rule was extended by the Supreme Court to § 1983 actions attacking allegedly unconstitutional prison disciplinary convictions, Edwards v. Balisok, 520 U.S. 641, 647-48 (1997), and that thereafter the Court clarified that Heck's and Edwards' favorable termination requirement applies to § 1983 claims challenging prison disciplinary convictions or actions that would implicate the invalidity of the conviction or action only when resolving the inmate's claims would necessarily or

independently implicate the duration of the prisoner's confinement.  <u>Muhammad v. Close</u>, 540 U.S. 749, 754 (2004).  Defendants note that the Court noted that the duration of the prisoner's confinement may be affected when good time or earned time credit is taken from the inmate as a sanction for the disciplinary violation.  <u>Id.</u>  Here in Colorado, defendants note, up to ten days of earned time may be deducted from an inmate's sentence for each month of incarceration or parole.  § 17-22.5-405(1), C.R.S.  Furthermore, inmates convicted of a disciplinary violation will be ineligible for earned time credits for varying lengths of time depending on the class of the conviction.  (Defs.' Ex. 1, CDOC Admin. Reg. 550-12(IV)(F)(3).  Defendants thus assert that inasmuch as plaintiff was convicted of Advocating/Creating a Facility Disruption, his eligibility for earned time credit may have been impacted, which could affect the duration of his confinement.  Since his disciplinary conviction has not been favorably terminated, as reflected in plaintiff's own averments in his amended pleading, defendants assert that his third and fourth claims should be dismissed.

There has been no showing or averment by plaintiff, however, that he lost any earned time credit as a result of this disciplinary conviction.  Furthermore, defendants merely assert in their motion that plaintiff's eligibility "may" have been impacted.  Consequently, there is no evidence that any good time or earned time credits were actually eliminated as a result of plaintiff's disciplinary conviction.  <u>See</u> <u>Quintana v. Edmond</u>, 2008 WL 3539265, *8-*9 (D. Colo. Aug. 12, 2008).  Therefore, there has been no showing that judgment in favor of plaintiff's claim would automatically entitle him to accelerated release.  This court cannot find on the record before it that this action cannot proceed on these claims on this ground.

In the alternative, defendants assert that claims three and four are barred by collateral estoppel based upon Logan County District Court's dismissal of the plaintiff's state court Rule 106 action for lack of jurisdiction because plaintiff failed to file his complaint within thirty days as required by Rule 106(b). Defendants assert that plaintiff's state court action involved the same defendants (McGill, Cole, Ortiz, LaPorte, and DeCesaro) as those named in his third and fourth claim here. They contend that there was a final judgment on the merits and that plaintiff had a full and fair opportunity to litigate the issue of jurisdiction in the state court proceeding. According to defendants, plaintiff is attempting to re-litigate his Rule 106 action in federal court and by-pass the jurisdictional time requirement of Rule 106(b). They contend that allowing plaintiff to assert his third and fourth claims would nullify the state court's decision, and thus plaintiff's third and fourth claims allegedly should be dismissed.

"The doctrine of collateral estoppel, or 'issue preclusion,' mandates that the final decision of a court on an issue actually litigated and determined is conclusive of that issue in any subsequent suit. . . . Collateral estoppel bars relitigation of an issue if: (1) the issue is identical to that actually and necessarily adjudicated in a prior proceeding; (2) the party against whom estoppel is asserted was a party or in privity with a party in the proceeding; (3) there was final judgment on the merits; and (4) the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding." City of Thornton v. Bijou Irrigation Co., 926 P.2d 1, 82 (Colo. 1996) (citation omitted). "C.R.C.P. 106(a)(4) review is limited to consideration of whether the lower tribunal has exceeded its jurisdiction or abused its discretion." Brack v. Ortiz, 2007 WL 867992, *14 (D. Colo. Mar. 20, 2007) (citing Two G's, Inc. v. Kalbin, 669 P.2d

129 (Colo. 1983); <u>Norby v. City of Boulder</u>, 195 Colo. 231, 577 P.2d 277 (1978)).

Here, collateral estoppel does not bar plaintiff's third and fourth claims for relief because there was not a final judgment on the merits in his state court Rule 106 action. Attached to defendants' motion is a copy of the Findings, Order and Judgment issued in plaintiff's state court action. (Docket No. 40-4). This court may take judicial notice of such a ruling on a motion to dismiss under Rule 12(b)(6) without converting the motion to one for summary judgment. <u>See</u> <u>Pace v. Swerdlow</u>, 519 F.3d 1067, 1072-73 (10th Cir. 2008). In that ruling, the court found that it lacked jurisdiction over the disciplinary action because the plaintiff did not file his Complaint within thirty days of the disciplinary action as required by Colorado Rule of Civil Procedure 106(b). The court noted that the 30-day requirement contained in that rule is a jurisdictional prerequisite that cannot be waived or tolled. (Docket No. 40-4 at 2). Based on this ruling, this court does not agree with defendants that claims three and four are barred by collateral estoppel because plaintiff's state court action did not end with a final judgment on the merits. "Indeed, 'jurisdictional dismissals are not "on the merits."'" <u>Doyle v. Cella</u>, 2008 WL 4490111, *3 (D. Colo. Sept. 30, 2008) (Finding that a prisoner's § 1983 complaint could not be dismissed on *res judicata* grounds because the prisoner's state court Rule 106 action was dismissed for lack of jurisdiction and thus did not end with a final judgment on the merits.).

Defendants next argue in the alternative that claim four fails to state an Eighth and Fourteenth Amendment claim against defendant DeCesaro. Plaintiff asserts in part in claim four that because DeCesaro found that plaintiff did not exhaust his administrative remedies, plaintiff was forced to spend over $500 in court costs, which

resulted in his inability to buy hygiene items. Defendants contend in their motion to dismiss that these allegations against DeCesaro are vague and conclusory because plaintiff fails to provide specific factual allegations detailing the basis for his claims. Specifically, defendants assert that plaintiff's Complaint lacks sufficient facts to connect DeCesaro with his alleged court costs, which are presumably related to his state court Rule 106 action. Defendants assert that inmates cannot file grievances in order to seek review of disciplinary convictions and must seek review of prison disciplinary proceedings in state court under Rule 106(a)(4). Therefore, defendants contend that plaintiff was required to proceed directly to state court, and any court costs plaintiff incurred had nothing to do with DeCesaro. Furthermore, defendants contend that an inmate has no right to a specific grievance response, and there is not even any law creating a right to file grievances. Finally, defendants assert that plaintiff has not alleged that his deprivation was sufficiently serious, that DeCesaro acted with deliberate indifference to plaintiff's health and safety, or that he suffered an injury regarding the alleged denial of hygiene items. Therefore, they seek dismissal of plaintiff's Eighth and Fourteenth Amendment claims against defendant DeCesaro.

This court finds that plaintiff has not stated an Eighth Amendment claim against DeCesaro. Even under the liberal pleading standards applied to pro se litigants, "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d at 1110. Plaintiff here has not alleged that DeCesaro acted with deliberate indifference to plaintiff's health and safety. Instead, he merely made a decision on plaintiff's grievance concerning the disciplinary hearing. It is thus recommended that plaintiff's claim contained in claim four

concerning DeCesaro depriving him of hygiene items should be dismissed.  Plaintiff's

due process claim against DeCesaro, however, remains at this stage of the litigation

inasmuch as defendants have not shown a basis for dismissal of that claim at this time.

**Claim Five**

Defendants further assert that the Complaint fails to state a Fourteenth

Amendment claim against defendant Dennington.  They contend that if plaintiff is

alleging that Dennington lost his property, the claim must be dismissed because a

negligent deprivation of property does not violate the Constitution.  Furthermore, if

plaintiff is alleging that Dennington intentionally destroyed his property, defendants

contend that § 1983 provides no remedy because plaintiff has an available post-

deprivation remedy through the Colorado Department of Correction's inmate grievance

procedures and can file a tort claim under Colorado law, namely, § 24-10-118, C.R.S.

This court agrees.  See Daniels v. Williams, 474 U.S. 327, 328 (1986) (negligence

claims); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional deprivations).

Furthermore, this court finds that to the extent plaintiff may be raising a First

Amendment claim in his fifth claim relief,[3] plaintiff has not stated a First Amendment

claim against defendant Dennington inasmuch as plaintiff has not alleged that he

suffered an actual injury, namely, that the taking of these documents hindered his

efforts to pursue a nonfrivolous legal claim.  See Penrod v. Zavaras, 94 F.3d 1399,

1403 (10th Cir. 1996).  In fact, it appears Dennington allegedly took these

---

[3]Although plaintiff does not specifically mention the First Amendment in his
Amended Complaint, he makes reference to the First Amendment in his response to the
motion to dismiss.  (Docket No. 43 at 5).

documents, which apparently were plaintiff's copies of some of the documents filed in the state court, after the state court issued its ruling. Furthermore, plaintiff has not been hindered in pursuing the instant action by virtue of the missing paperwork.

In sum, based upon the above, it is recommended that the plaintiff's fifth claim for relief be dismissed with prejudice.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendants Motion to Dismiss (Docket No. 40) be granted in part and denied in part. More specifically, it is recommended that claims one, two, and five, as well as claim four as against defendant DeCessaro regarding plaintiff's inability to purchase hygiene products, be dismissed with prejudice. It is further recommended that the motion be denied without prejudice in all other respects.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183**

16

**F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir.**

**1996).**


Date:  November 14, 2008                         <u>s/ Michael J. Watanabe</u>
       Denver, Colorado                          Michael J. Watanabe
                                        United States Magistrate Judge