**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  08-cv-00296-REB-MJW

JAMES R. DUNCAN,

     Plaintiff,

v.

McGILL,
SCOTT,
COLE,
ORTIZ,
LAPORTE,
DeCESARO, and
DENNINGTON,

     Defendants.

**AMENDED
ORDER ADOPTING RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me *sua sponte* to correct an error in my **Order Adopting Recommendations of United States Magistrate Judge** [#54][1] entered February 23, 2009.  To correct that error, I enter this amended order.  This matter is also before me on the following: (1) the defendants' **Motion To Dismiss Complaint** [#40] filed June 19, 2008, 2008; and (2) the magistrate judge's **Recommendation on Motion To Dismiss Complaint** [#49] filed November 14, 2008.  The plaintiff has filed a document captioned as **Motion for Reconsideration of Recommendation To Dismiss** [#50] filed November

---

[1] "[#54]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

25, 2008.  In this motion, the plaintiff objects to the bases cited by the magistrate judge for the magistrate judge's recommendation that certain of the plaintiff's claims be dismissed.  I read the plaintiff's motion for reconsideration [#50] as a statement of the plaintiff's objections to the magistrate judge's recommendation under 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and I have considered carefully the recommendation, objections, and applicable law.  In addition, because the plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  The recommendation is detailed and well-reasoned.  Finding no error in the magistrate judge's reasoning and recommended disposition, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

In my **Order Adopting Recommendations of United States Magistrate Judge** [#54] entered February 23, 2009, I adopted the recommendation of the magistrate judge [#49] filed November 14, 2008.  After my order adopting the recommendation was entered, I noted an error in the penultimate paragraph of my order.  In the paragraph numbered five (5) on pages two and three of my order, I directed that "claim four, as alleged in the plaintiff's complaint [#13] filed March 20, 2008," be dismissed as to defendant DeCessaro.  The magistrate judge recommended that claim four be dismissed as to defendant DeCessaro to the extent the plaintiff asserts an Eight Amendment claim

against DeCessaro based on the plaintiff's allegation that the plaintiff was unable to purchase hygiene products.  However, the magistrate judge recommended also that the plaintiff's due process claim against DeCessaro, as stated in claim four, should not be dismissed because the defendants have not shown a basis for dismissing the plaintiff's due process claim against DeCessaro.  *Recommendation on Motion To Dismiss Complaint (Docket No. 40)* [#49] filed November 14, 2008, p 14.

In the paragraph numbered five (5) on pages two and three of my **Order Adopting Recommendations of United States Magistrate Judge** [#54] entered February 23, 2009, I erroneously directed that claim four, as stated in the plaintiff's complaint [#13], be dismissed as to defendant DeCessaro.  As stated in the magistrate judge's recommendation, claim four should be dismissed as to defendant DeCessaro only to the extent that the plaintiff asserts in claim four an Eighth Amendment claim against DeCessaro.  For the reasons detailed by the magistrate judge, claim four should not be dismissed as to DeCessaro to the extent the plaintiff asserts a due process claim against DeCessaro in claim four.  In this amended order, I enter orders directing that claim four be dismissed as to DeCessaro only to the extent the plaintiff asserts an Eighth Amendment claim against DeCessaro, but that claim four remain pending against DeCessaro to the extent the plaintiff asserts a due process claim against DeCessaro.

I note finally that the defendants appear to assert in their recently filed Motion for Leave To File an Amended Answer [#63] filed April 7, 2009, that defendants Dennington and Scott no longer are defendants in this case.  *Motion*, ¶ 3.  However, I note that claim four, as stated in the plaintiff's complaint [#13], includes allegations against both Dennington and Scott.  Under the specific terms of the magistrate judge's

recommendation [#49] and of this order, claim four has not been dismissed as to defendants Dennington and Scott.

**THEREFORE, IT IS ORDERED** as follows:

1. That my **Order Adopting Recommendations of United States Magistrate Judge** [#54] entered February 23, 2009, is **SUPPLANTED** and **SUPERSEDED** by this order;

2. That the objections stated in the plaintiff's **Motion for Reconsideration of Recommendation To Dismiss** [#50] filed November 25, 2008, are **OVERRULED**;

3. That the magistrate judge's **Recommendation on Motion To Dismiss Complaint** [#49] filed November 14, 2008, is **APPROVED AND ADOPTED** as an order of this court;

4. That the defendants' **Motion To Dismiss Complaint** [#40] filed June 19, 2008, is **GRANTED IN PART**;

5. That claims one, two, and five, as alleged in the plaintiff's complaint [#13] filed March 20, 2008, are **DISMISSED** under FED. R. CIV. P. 12(b)(6) for failure to state a claim on which relief can be granted;

6. That to the extent the plaintiff asserts an Eighth Amendment claim against defendant DeCessaro in claim four, as alleged in the plaintiff's complaint [#13] filed March 20, 2008, claim four is **DISMISSED** as to defendant DeCessaro under FED. R. CIV. P. 12(b)(6) for failure to state a claim on which relief can be granted;

7.  That the defendants' **Motion To Dismiss Complaint** [#40] filed June 19, 2008, is **DENIED** otherwise.

Dated April 20, 2009, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge