**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 08-cv-00296-REB-MJW

JAMES R. DUNCAN,

    Plaintiff,

v.

McGILL,
SCOTT,
COLE,
ORTIZ,
LaPORTE,
DeCESARO,
DENNINGTON,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

    This matter is before me on the following: (1) **Defendants' Motion for Summary Judgment** [#86][1] filed September 30, 2009; and (2) plaintiff's **Motion for the Appointment of Counsel** [#98] filed December 15, 2009. Plaintiff filed a response [#90] to the motion for summary judgment. Having the consent of the magistrate judge, I withdraw my **Order of Reference to United States Magistrate Judge** [#16] entered April 17, 2008, as to the pending **Defendants' Motion for Summary Judgment** [#86] and the plaintiff's pending **Motion for the Appointment of Counsel** [#98]. I grant the defendants' motion for summary judgment and deny the plaintiff's motion for

---

[1] "[#86]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

appointment of counsel.

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Elec. Indus. Co. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986), **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 514 U.S. 1004 (1995). Once the motion has been supported properly, the burden shifts to the non-movant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. **Id.** at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. **Simms v. Oklahoma ex rel. Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 528 U.S. 815 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. **Rice v. United States**, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 528 U.S. 933 (1999).

Because the plaintiff is not an attorney, I have construed his pleadings and other

2

filings liberally and have held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).  Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . .  At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant."  **Id**.

### III.  ANALYSIS

In his "**Second Addmented** (sic) **as Requested Prisoner Complaint**" [#13], brought pursuant to 28 U.S.C. § 1983, the *pro se*, incarcerated plaintiff alleges the following.  On December 6, 2005, a fight broke out during a class.  As a result, correctional officers were summoned to quell the disturbance, and inmates were ordered out of the building.  Inmates were leaving through the only available exit while the correctional officers were entering.  Plaintiff was last among the group leaving the building because he walks with a cane.  As plaintiff was getting to the door, defendant, Lt. McGill, was pushing his way through the doorway.  Plaintiff saw McGill push two other inmates out of the way, and, when plaintiff got to the door, McGill, who did not give an order or command, grabbed plaintiff by the left arm and pushed him into the wall, twisting plaintiff's back and causing his head to hit the wall.  McGill then said, "Get the fuck out of my way!"

Defendants Cole, Ortiz, and Laporte were the hearing officers who later found plaintiff guilty of a prison disciplinary charge.  Defendant DeCesaro was the grievance officer who subsequently found plaintiff had not exhausted his administrative remedies

and denied the plaintiff's grievance.

Plaintiff raised five claims for relief in his "**Second Addmented** (sic) **as Requested Prisoner Complaint**" [#13].  In an **Amended Order Adopting Recommendations of United States Magistrate Judge** [#67] filed April 20, 2009, I dismissed Claims One, Two, and Five.  In addition, I dismissed Claim Four to the extent plaintiff asserted an Eighth Amendment claim against defendant DeCessaro.  These claims were dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.  Thus, only Claim Three and part of Claim Four remain.  Plaintiff seeks substantial monetary relief and asks that his freedom be granted "by delivering a Governor's Pardon, with NO stipulation."  *Prisoner Complaint* [#13], p. 8.

### A.  CLAIM THREE

In Claim Three, plaintiff claims "Mis-use of Authority, '14th Amendment' due process and 8th amendment under cruel and unusual punishment deliberate indifference."  *Id.*, p. 6.  Plaintiff notes in this claim that on December 20, 2005, he was found guilty at a prison disciplinary hearing based on defendant Cole's charge of advocating/creating a facility disruption.  Plaintiff asserts, however, that he did not cause any disruption.  Instead, he claims defendant McGill caused a disruption because McGill was the one pushing inmates around.  Plaintiff claims that McGill lied when he claimed he did not hit or push any inmates and that he was not the one who was making all the trouble.  Inmate Punk, however, testified that McGill did push plaintiff and told plaintiff after that assault to "get the fuck out of may way!"  Plaintiff asserts that by not finding him innocent of the charge, the hearing board violated his due process rights under the Fourteenth Amendment.  He claims that "[a]ll three members of the board are guilty as stated because none of them tried to stop Cole and yet knew he was wrong of

4

deliberate indifference . . . ." *Id.*, p. 6.  Plaintiff, thus, contends that defendants LaPorte, Ortiz, and Cole are guilty of misuse of power and authority.

A review of a prisoner's disciplinary proceeding is "limited to whether the three steps mandated by ***Wolff*** [***v. McDonnell***, 418 U.S. 539 (1974)] were followed and whether there was some evidence to support the disciplinary committee's findings." ***Mitchell v. Maynard***, 80 F.3d 1433, 1445 (10th Cir. 1996).  "***Wolff*** held that adequate due process at a prison disciplinary hearing requires only that a prisoner be provided with advance written notice of the charges, an opportunity to call witnesses and present documentary evidence in his defense if doing so would not be unduly hazardous to institutional safety or correctional goals, and a written statement by the factfinders of the reasons for the decision and the evidence on which they relied." ***Calcari v. Executive Dir. of Col. Dep't of Corrections***, 2009 WL 3367074, at *4 (D. Colo. Oct. 15, 2009).

Here, defendants have shown that the prison disciplinary hearing complied with the requirements established by the Supreme Court in ***Wolff***.  First, plaintiff received the Notice of Charges on December 16, 2005, which was more than 24 hours before the Code of Penal Discipline (COPD) hearing held on December 20, 2005.  *Defendants' Motion for Summary Judgment* [#86], Exhibit A-1, pp. 3-4.  Second, plaintiff was given the opportunity to call witnesses and present documentary evidence in his defense.  Plaintiff testified on his own behalf and called inmate Phillip Punk as a witness.  *Id.*, Exhibit A-2, pp. 3, 7-11.  Third, plaintiff was provided with a written statement of the reasons for the decision and the evidence relied upon. *Id.*, Exhibit A-1, p. 4.

Further, defendants have shown that there was "some evidence" to support the disciplinary hearing decision finding plaintiff guilty of "advocating/creating facility

disruption."[2]  First, plaintiff entered a guilty plea to the charge, albeit with explanation. *Id.*, Exhibit A-2, p. 4, line 25; p. 6, line 5; p 14.  Plaintiff's plea by itself is "some evidence" to support the disciplinary hearing decision.  In addition, the hearing transcript includes testimony that the plaintiff refused to move when told to do so by Lt. McGill and instead told him, "Fuck you!"  Plaintiff's own witness testified that plaintiff said to Lt. McGill, "You get the fuck out of the way."  *Id.*, Exhibit A-2, p. 9, line 11.  Although both the plaintiff and Punk testified that plaintiff was pushed by Lt. McGill, the Hearing Officer determined that Lt. McGill's version of the events, that plaintiff refused to move when asked, was more credible.  Ascertaining whether there is "some evidence" to support the findings "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." **Superintendent, Mass. Corr. Inst. v. Hill**, 472 U.S. 445, 454 (1985).  "A disciplinary board's decision can be upheld by a reviewing court even if the evidence supporting the decision is meager." **Howard v. U.S. Bureau of Prisons**, 487 F.3d 808, 812 (10th Cir. 2007) (quotations omitted).  Viewing the undisputed facts in the record in the light most favorable to the plaintiff, I conclude there was some evidence to support the plaintiff's disciplinary conviction.  Thus, the defendants are entitled to summary judgment on the plaintiff's due process claim, as alleged in Claim Three.

---

[2]"Advocating or Creating Facility Disruption" is defined in the Administrative Regulations as "an offender commits this offense when he transmits or attempts to transmit through any form of communication or action, threats, demands, actions or suggestions which advocate disruption; or if he actually disrupts operations of any segment of a facility." [86-4 at 12].

In the caption of Claim Three, plaintiff references not only the Fourteenth Amendment, but also the "8th amendment under cruel and unusual punishment deliberate indifference." Plaintiff, however, alleges no facts in his third claim which would support an Eighth Amendment claim. Viewing the undisputed facts in the record in the light most favorable to the plaintiff, no reasonable fact finder could conclude that the plaintiff has established an arguable Eight Amendment claim. Accordingly, the defendants are entitled to summary judgment on the plaintiff's Eighth Amendment claim, as alleged in Claim Three.

## B.  CLAIM FOUR

In what remains of Claim Four, plaintiff alleges a violation of the Fourteenth Amendment against defendant Grievance Officer DeCesaro. Plaintiff claims that DeCesaro did not read the prior steps of the grievance procedure and, thus, did not see a note from Case Manager Snyder, which note accompanied plaintiff's Step I grievance and explained that plaintiff submitted the grievance in a timely manner and that it was the Case Manager's fault that it was not timely forwarded to the Grievance Officer. *Defendants' Motion for Summary Judgment* [#86], Exhibit A-4, p. 7. Plaintiff argues that as a result, DeCesaro allegedly incorrectly found that plaintiff had not exhausted his remedies and, thus, allegedly violated plaintiff's Eighth and Fourteenth Amendment rights. Plaintiff claims that the violation forced him to go to state court for his Rule 106 proceeding, which cost him over $500.00 in court and appellate costs.

A review of DeCesaro's grievance decision, *Id.*, p. 10, however, reveals that he found another procedural error regarding plaintiff's filing in addition to untimeliness. DeCesaro also denied plaintiff's grievance on the ground that the remedy plaintiff sought was not available. He noted that "[i]n the definiitional section [of Administrative

7

Regulation 850-04] titled Remedy, it states in part that, 'DOC staff discipline/reprimand . . . as remedies, are not available to offenders." *Id.* Therefore, even assuming DeCesaro erred concerning the timeliness of plaintiff's grievance, there is a valid alternate basis for DeCesaro's conclusion. Moreover, defendants have shown that the plaintiff's state court Rule 106 action was not denied on the basis of DeCesaro's findings, but rather because the plaintiff did not file his complaint within thirty days of the final agency action as required under C.R.C.P. 106(b). *Id.*, Exhibit A-8. Consequently, even assuming a claim of constitutional magnitude could be stated on the basis of DeCesaro's finding that plaintiff's grievance was untimely, plaintiff cannot show that DeCesaro's actions resulted in plaintiff being denied access to the courts or caused him to incur costs in state court. Viewing the undisputed facts in the record in the light most favorable to the plaintiff, no reasonable fact finder could find in favor of the plaintiff on Claim Four. Thus, I will grant defendants' motion for summary judgment on Claim Four.

### C.  REMAINING DEFENDANTS

Resolution of Claims Three and Four resolves all claims pending in this case against defendants Ortiz, McGill, LaPorte, Cole, and DeCessaro. Defendant Dennington is named only in Claim Five, and I dismissed Claim Five in my **Amended Order Adopting Recommendations of United States Magistrate Judge** [#67] filed April 20, 2009. Defendant Scott is named only in Claim Two, and I dismissed Claim Two my April 20, 2009, order [#67]. In short, all claims against all defendants in this case now have been resolved.

### IV.  CONCLUSION & ORDERS

Viewing the facts in the record in the light most favorable to the plaintiff, I

8

conclude that the defendants are entitled to summary judgment on Claims Three and Four. I dismissed the other claims asserted in the "**Second Addmented** (sic) **as Requested Prisoner Complaint**" [#13] in my **Amended Order Adopting Recommendations of United States Magistrate Judge** [#67] filed April 20, 2009. This case is now resolved. Thus, I deny the plaintiff's **Motion for the Appointment of Counsel** [#98] as moot.

      **THEREFORE, IT IS ORDERED** as follows:

      1. That having the consent of the magistrate judge, I withdraw my **Order of Reference to United States Magistrate Judge** [#16] entered April 17, 2008, as to the pending **Defendants' Motion for Summary Judgment** [#86] and the plaintiff's **Motion for the Appointment of Counsel** [#98] filed December 15, 2009;

      2. That **Defendants' Motion for Summary Judgment** [#86] filed September 30, 2009, is **GRANTED**;

      3. That plaintiff's Motion for the Appointment of Counsel [#98] filed December 15, 2009, is **DENIED AS MOOT**;

      3. That **JUDGMENT SHALL ENTER** in favor of the defendants and against the plaintiff;

      4. That the defendants are **AWARDED** their costs to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1;

      5. That the Status Conference set before Magistrate Judge Watanabe on February 23, 2010, at 9:30 a.m., the Trial Preparation Conference set before me on February 26, 2010, at 9:30 a.m., and the jury trial set to commence on March 15, 2010, at 8:30 a.m., are **VACATED**;

6.  That all other pending motions and objections, including [#69], [#85], and [#107], are **DENIED** as moot; and

7.  That this case is **DISMISSED**.

Dated February 18, 2010, at Denver, Colorado.

**BY THE COURT:**

.

_____
Robert E. Blackburn
United States District Judge